UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES,

          Plaintiff,          Case No. 06-cr-20516

v          Honorable Thomas L. Ludington

WILLIAM NEAL LAUR,

          Defendant.

_____/

**ORDER DENYING MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES**

On November 28, 2007, William Neal Laur pleaded guilty to Count 1 of the Indictment, Conspiracy to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. § 846. The parties stipulated to the defendant being held responsible for at least 150 but less than 500 grams of cocaine base. Plea Agreement 2, ECF No. 89. Based on the United States Sentencing Guidelines, Laur's base offense level was 32 and his criminal history was 0 points, resulting in an initial Guideline imprisonment range of 108 to 135 months. However, due to 21 U.S.C. § 841's statutory mandatory minimum, the Guideline range became 120 to 135 months. The Court ultimately sentenced Laur to 120 months' imprisonment and recommended that he be designated to an institution with a comprehensive drug treatment program.

Laur now moves to reduce his sentence, noting that "recent changes could result in a reduction in the length of my sentence." Mot. for Retroactive Appl. of Sentencing Guidelines, ECF No. 106. Because Laur was subject to 21 U.S.C. § 841's statutory mandatory minimum, his

only possible avenue for relief would be pursuant to the Fair Sentencing Act of 2010 ("FSA").[1] Accordingly, the Court will evaluate whether the FSA results in a reduction of Laur's sentence.

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the FSA, which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010. *Id*. at 2329.

After the FSA took effect, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the FSA's lower mandatory minimums are not applied retroactively to defendants who were sentenced before the FSA took effect on August 3, 2010.

Because Laur was sentenced in 2008, the FSA's lower mandatory minimums do not apply. *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013) ("the FSA is not retroactive

---

[1] A § 3582(c)(2) motion would be futile because Laur's sentence was based not on the Guidelines range (108-135 months), but rather the statutory mandatory minimum (120-135 months). The Sixth Circuit has held that reduced statutory mandatory minimums, such as the Fair Sentencing Act's, do not provide a basis for sentencing relief under § 3582(c)(2) because the statutory amendments do not qualify as a "sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013).

- 3 -

to defendants . . . who were originally sentenced before its effective date."). Accordingly, the FSA does not affect Laur's sentence, and his motion to modify his sentence will be denied.

Accordingly, it is **ORDERED** that Laur's pro se Motion for Retroactive Application of Sentencing Guidelines (ECF No. 106) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 3, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon William Laur #40756, at Federal Prison Camp, P.O. Box 1000, Duluth, Minnesota 55814 by first class U.S. mail on April 3, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS